Wood, C. J.
The bill in this case states that Smith Web ster was seized of certain lands in fee, in lots No. 20 and 21, in Kingsville, in the county of Ashtabula, on the 25th of June, 1839, and, on that day, conveyed by deed in fee, absolute on its face, to Horace Luce, one of the defendants; that this conveyance was in fact a mortgage, in security to Luce for indorsing Webster’s note. Webster afterwards paid the note, and, at his request, in order to keep the land beyond the reach of creditors of Webster, Luce conveyed in fee to Webster’s vyife, without consideration, on the 13th of April, 1840. On the fifth of the succeeding May, the complainant recovered judgment, in the Court of Common Pleas of Ashtabula county, against Webster, for $140.45, and on the second day of March, 1841, execution issued and was levied on the land in controversy.
The bill also states, that Jonathan Warner claims to have purchased the land, at a tax sale, in December, 1840, and re *624 ceived the county auditor’s deed, but that the sale was void for the want of a pertinent description, being only described as “twelve acres, in range two, township 13, inlots 20 and 21.” That Mrs. Webster died without will, leaving minor heirs; that Webster has no other property, and that the debt on which the judgment was recovered was contracted before the conveyance to Mrs. Webster, and that the judgment remains unsatisfied and in full force.
It is also stated in the bill, that before Warner obtained the deed upon tax sale, the complainant called upon him and offered to pay him the tax, interest, and penalty, which was a very small sum, but which Warner refused. The prayer of the bill is, that the deeds to Mrs. Webster and Warner be declared void, and that Luce and Warner release to Webster; that an account be taken of the judgment, taxes, interest, &c., and that the land be sold, and the judgment and taxes paid from the avails ; and for further relief.
Smith Webster has not answered. The minor heirs of Mrs. Webster answer by their guardian, and call for proof. Warner answers, admitting his purchase at the sale for taxes, but insists that he acquired a good title, and denies that the complainant ever tendered him the amount of tax, interest, and penalty, as stated in the bill, but says he was once called upon by the complainant, who was desirous of purchasing the tax certificate, but they could not agree upon the terms, and the complainant went away. A replication was filed and testimony taken.
The depositions of Horace and Artemas Luce prove the complainant’s case, against all the defendants, except Warner, and, against them, there is no reason perceived by us why the complainant may not take his decree. Warner, however, occupies different ground. By the act, entitled “ an act for the protection of purchasers at judicial and tax sales,” Ohio Laws, vol. xliv., 114-15, it is provided that, whenever a sale for taxes shall be invalid, the purchaser shall have a lien upon the land for the amount paid, &c. Of this lien, therefore, if his *625 tax title be defective, he cannot be divested, without, at least, an offer to refund to him the money advanced. The complainant’s solicitor was aware of this, and the bill contains the necessary allegations; but has he not failed entirely in his proof?
There is no evidence, but the answer of Warner, and that, in our opinion, falls very far short of furnishing the necessary proof. “ The complainant called upon the respondent to purchase his codifícate of sale, but they could not agree,” and not a lip is heard of any tender or offer to pay. Upon familiar principles, the complainant is not rightly in equity, until he has done that justice, or offered to do it, which he exacts from others. It is a condition, precedent to any right to institute his suit, and, for that reason alone, the complainant’s bill must, as to Warner, be dismissed.
This view of the case renders it unnecessary to examine the tax title; and sufficient for the day is the evil thereof.

jBill as to Warner dismissed.